UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| TWYLAH D. ABELS, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 1:14-CV-150-BL |
| | § | |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Pending before the court is Defendant Commissioner's Motion to Reverse and Remand in the above-captioned case. (Doc. 14). The Commissioner prays the court remand this case for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). The parties have not consented to the jurisdiction of a United States Magistrate Judge.

"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see Sullivan v. Finkelstein*, 496 U.S. 617 (1990); *Hosea v. McMahon*, 226 F.App'x 341 (5th. Cir. 2007) (per curiam) (unpublished). Such a "sentence four remand" is appropriate where "the evidence on record [is] insufficient to support the [ALJ's] conclusion and . . . further factfinding regarding respondent's ailment [is] necessary." *Sullivan*, 496 U.S. at 627.

The ALJ considers the medical opinions in a claimant's case record, along with the rest of the relevant evidence, in determining whether a claimant is disabled. 20 C.F.R. § 404.1527(b). "Medical opinions are statements from physicians and psychologists or other acceptable medical

sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). While the ALJ may determine the credibility of medical experts and weigh their opinions accordingly, *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994), generally a treating source's opinion is accorded great weight. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). In any event, whether the ALJ gives a treating source's opinion great weight, controlling weight, or no weight, the ALJ must "give good reasons in [its] notice of determination or decision for the weight [given to the] treating source's opinion." 20 C.F.R. § 404.1527(c)(2); *see also Loza v. Apfel*, 219 F.3d 378, 395 (5th Cir. 2000) ("The ALJ cannot reject a medical opinion without an explanation."). Further, an ALJ must consider and evaluate the opinions of State agency medical consultants and medical experts. *See* 20 C.F.R. § 404.1527(e); SSR 96-6P, 1996 WL 374180 (July 2, 1996). Unless a treating source's opinion is given controlling weight, "the [ALJ] must explain in the decision the weight given to the opinions of a State agency medical . . . consultant. . . or other medical specialist, as the [ALJ] must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for [the Commissioner]." *Id.* § 404.1527(e)(2)(ii).

The Commissioner claims the ALJ failed to: explain the weight given to the opinions of treating physicians Thomas Wray, D.O., and Vikram Kashyap, M.D.; consider the opinions of state agency medical consultants John Wiley, M.D., and Mehdi Sharifian, M.D.; and evaluate and assign weight to the findings of the testifying medical expert, John Simmonds, M.D. Accordingly, the Commissioner requests this case be remanded to the ALJ for proper consideration of all such medical evidence.

Having considered the Commissioner's motion, which is unopposed by Plaintiff, this court recommends that it should be granted.

For the reasons stated above, it is **RECOMMENDED** that the Commissioner's instant motion be **GRANTED**. The administrative decision should be **REVERSED AND REMANDED** for further action by the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g).

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**
Dated this 2nd day of March, 2015.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE